# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-1308

FREE THE NIPPLE – FORT COLLINS, an unincorporated association,
BRITTIANY HOAGLAND, and
SAMANTHA SIX,

    Plaintiffs,

v.

CITY OF FORT COLLLINS, COLORADO,

    Defendant.

---

## COMPLAINT

---

Plaintiffs, Free the Nipple – Fort Collins, Brittiany Hoagland, and Samantha Six allege as follows:

## INTRODUCTION

1. Plaintiffs challenge a sexist ordinance that is based on antiquated social mores; justification for the ordinance is rooted in outdated nineteenth century puritanical values and discrimination, nothing more.

2. Plaintiffs are a woman, a non-binary person, and an unincorporated association of men, women, and LGBTQIA persons who believe in equality. They have focused upon the double standards, hypocrisies, and sexualization of the feminine upper body that underlie government efforts to censor feminine breasts. They strive for gender equality.

3. Defendant criminalizes women who appear at public places with their breasts and/or nipples exposed pursuant Section 17-142 of the Fort Collins Code of Ordinances.

Defendant does not criminalize men for engaging in exactly the same activity. Section 17-142 creates and perpetuates the legal and social inferiority of women.

4. After Plaintiffs learned of Section 17-142, Plaintiff Hoagland, founding member of Plaintiff Free the Nipple – Fort Collins, immediately began protesting the discriminatory ordinance by standing at the corner of Elizabeth Street and Shields Street in Fort Collins, Colorado without a shirt, but with her breasts and nipples covered, in compliance with the ordinance. But for Section 17-142, Plaintiff Hoagland would have protested completely topless.

5. Plaintiffs engaged Defendant about the repeal of Section 17-142, which criminalized "knowingly appear[ing] in any public place in a nude state or state of undress that the genitals or buttocks of either sex or the breast or breasts of a female are exposed."

6. Defendant held a council meeting on October 20, 2015, to consider the repeal, or modification, of Section 17-142.

7. In support of repealing Section 17-142, Plaintiffs and others protested the double standard for women exemplified by Fort Collins' ordinance. On August 23, 2015, Plaintiffs and others congregated at the corner of College Avenue and Mulberry Street in downtown Fort Collins without shirts, but with their breasts and nipples covered, in compliance with the ordinance.

8. During the October 20, 2015, city council meeting, Defendant modified Section 17-142. However, the modified version of Section 17-142 continues to criminalize women who appear at public places with their breasts and nipples exposed. Men continue to enjoy the ability to engage in this exact same behavior without the fear of criminal prosecution.

9. Plaintiffs challenge Fort Collins' ordinance insofar as it criminalizes their expressive conduct and treats women differently than men by subjecting them to inferior legal status and criminalizing their expression based on their sex.

## PARTIES

10. Plaintiff Free the Nipple – Fort Collins is an unincorporated association of residents of Colorado, who advocate for gender equality by challenging the double standards, hypocrisies, and sexualization of women that supports laws and policies that treat women as inferior to men.  All Association members have expressed a desire to expose their breasts in Ft. Collins but are chilled in their ability to do so for fear of prosecution.

11. Plaintiff Brittiany Hoagland is a former resident of Fort Collins and a member of the Association.

12. Plaintiff Samantha Six is a resident of Fort Collins and a member of the Association.

13. Defendant City of Fort Collins, Colorado, is a municipal corporation and political subdivision of the State of Colorado.

## JURISDICTION AND VENUE

14. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983; the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment to the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment; and the Colorado Equal Rights Amendment.

15. This Court has jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' claims that "arise[] under the Constitution of the United States."

16. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § l39l.

17.     Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent state law causes of action derive from a common nucleus of operative facts.

**FACTS**

18.     Prior to October 20, 2015, Fort Collins' Code of Ordinances provided that "[n]o person shall knowingly appear in any public place in a nude state or state of undress such that the genitals or buttocks of either sex or the breast or breasts of a female are exposed." The ordinance was codified as Section 17-142 of the Fort Collins Code of Ordinances as an "Offense[] Against Decency."

19.     In Plaintiffs' view, the Fort Collins ordinance was discriminatory against girls, women, and LGBTQIA persons by making it a crime to show their breasts and/or nipples in any place where they might be viewed by others while allowing boys and men to show their breasts and/or nipples at any time or place without fear of arrest or prosecution.

20.     The development of male and female breasts is the same from fetus until puberty. Beginning at puberty, breast development stops for most males and continues for most females. As a result, for most males, the breasts' ducts do not develop lobules or glands, and, for most women, they do. Both the male and female breasts have ducts, fat, sweat glands, nipples, and areolae. *See* Alexander N. Sencha, et al., *Imaging of Male Breast Cancer* 17-23 (Springer International Publishing 2015) (2015) (describing the anatomy, physiology, and development of the male breast).

21.     Upon discovering Fort Collins' sexist ordinance, Plaintiffs made an effort to raise awareness. In furtherance of these efforts, Plaintiff Hoagland stood topless at the corner of

Elizabeth Street and Shields Street in Fort Collins, Colorado, but with her breasts and nipples covered.

22. Plaintiff Hoagland wished to protest of the inherent sexism codified in Section 17-142 by standing topless and with completely uncovered breasts and nipples in public, but could not because she could have been jailed and/or fined. Instead, during her protests, Plaintiff Hoagland appeared without the top portion of her body covered, except for a fully opaque covering of her breasts and nipples. Plaintiff Hoagland covered her breasts and nipples because it would have been a crime not to do so.

23. Completely topless protest is a hallmark of the Free the Nipple movement. Women across the nation have begun to challenge outdated, sexist laws, like Section 17-142, by standing in public with their breasts and nipples exposed. *See Free the Nipple - Springfield Residents Promoting Equal. v. City of Springfield*, No. 15-3467-CV-S-BP, 2015 U.S. Dist. LEXIS 174025 (W.D. Mo. Dec. 28, 2015); *Tagami v. City of Chi.*, No. 14 cv 9074, 2015 U.S. Dist. LEXIS 90149 (N.D. Ill. July 10, 2015); Deborah Acosta, *The Fight to Free the Nipple*, NEW YORK TIMES, http://www.nytimes.com/2016/01/25/fashion/free-the-nipple-video.html?_r=0 (last visited February 26, 2016).

24. Women's right to appear topless at public places has been recognized by thirty states. *See Topless Laws*, GOTOPLESS.ORG, http://gotopless.org/topless-laws (last visited February 26, 2016). Cities across Colorado have also recognized women's right to appear topless at public places. *See* DENVER, CO., MUN. CODE § 38-157.1 (2016); BOULDER, CO., MUN. CODE § 5-6-13 (2016); VAIL, CO., MUN. CODE § 6-3C-2 (2016); LAKEWOOD, CO., MUN. CODE § 9.50.080 (2016); BROOMFIELD, CO., MUN. CODE § 9-16-030 (2016); ERIE, CO., MUN. CODE § 6-5-1 (2016); BRIGHTON, CO., MUN. CODE § 19-16-52 (2015); COMMERCE CITY, CO., MUN. CODE §

12-5009 (2015); ENGLEWOOD, CO., MUN. CODE § 7-6D-2 (2015); WESTMINSTER, CO., MUN. CODE § 6-4-2 (2016); ARVADA, CO., MUN. CODE § 64-42 (2016); GOLDEN, CO., MUN. CODE § 8.04.700 (2015) (codifying that a woman's right to appear topless at public places is only restricted if the woman engaging in toplessness has "intent to arouse or to satisfy the sexual desire of any person"); STEAMBOAT SPRINGS, CO., MUN. CODE § 12-50 (2016) (regulation of toplessness only applies to adult-oriented businesses); GREELEY, CO., MUN. CODE § 10.20.010 (2016) (codifying that a woman's right to appear topless at public places is only restricted if an individual commits the act of lewdly fondling his or her breast).

25. In response to Plaintiff Hoagland's protest and Plaintiffs appeals, Defendant decided to consider amendment or repeal of Section 17-142 at its October 20, 2015, city council meeting.

26. Plaintiffs and others gathered at the corner of College Avenue and Mulberry Street in downtown Fort Collins on August 23, 2015, to protest Section 17-142's discriminatory treatment of women. In Plaintiffs' view, the justifications for criminalizing the appearance of a female nipple, while simultaneously permitting exposure of male nipples, are borne of tired sex stereotypes, double standards, hypocrisies, and the hyper-sexualization (primarily by men) of women's breasts.

27. At the August 23, 2015, protest, Plaintiffs and other men and women appeared without the top portion of their bodies covered, except for a fully opaque covering of their nipples and breasts. The women covered their nipples and breasts because it would have been a crime not to do so. The men covered their nipples breasts, although not required to do so by law, as a sign of solidarity with women and to demonstrate the frivolity of Fort Collins' sex-based regulation of nipples and breasts.

28.     Plaintiffs' expressive conduct, including their covering of nothing more on their upper bodies than their breasts and nipples, was in full compliance with Section 17-142 and every other pertinent law.

29.     On October 20, 2015, at its city council meeting, Defendant advanced Ordinance No. 134, which modified, but maintained, the criminalization of women who appear at public places with their breasts and nipples exposed.

30.     Ordinance No. 134 modified Section 17-142 to read: "No female who is ten (10) years of age or older shall knowingly appear in any public place with her breast exposed below the top of the areola and nipple while located: (1) in a public right-of-way, in a natural area, recreation area or trail, or recreation center, in a public building, in a public square, or while located in any other public place; or (2) on private property if the person is in a place that can be viewed from the ground level by another who is located on public property and who does not take extraordinary steps, such as climbing a ladder or peering over a screening fence, in order to achieve a point of vantage." The ordinance defines "public place" as "a place in which the public or a substantial number of the public has access, and includes but i[s] not limited to highways including sidewalks, transportation facilities, school[s], places of amusement, parks, playgrounds and the common areas of public and private buildings and facilities, and shall not include any theater, concert hall, museum, school or similar establishment to the extent the same is serving as a performance venue." The ordinance exempts from this regulation "women breastfeeding in places they are legally entitled to be." *See* FORT COLLINS, CO., MUN. CODE § 17-142 (2016).

31.     During the October 20, 2015, city council meeting, Defendant advanced three reasons for the continued criminalization of women for exposing their breasts at public places:

7

    a. That women who appear at public places with their breasts and nipples exposed violate the values of the Fort Collins community, including its sense of "decency" and "family";

    b. that women with exposed breasts impede the right of others to enjoy public spaces; and

    c. women with exposed breasts constitute pornography, children cannot legally view pornography, and without the criminalization of women for appearing at public places with their breasts and nipples exposed, children would be exposed to women with exposed breasts, a form of pornography.

32. Defendant also made veiled references to religious morality as a principle backing the continued criminalization of women who appear at public places with their breasts and nipples exposed.

33. In email exchanges with a citizen of Fort Collins, one city councilor, Ray Martinez, stated that he would vote to maintain Defendant's ban on exposure of the female nipple and/or breast because allowing women to appear topless at public places would "denigrate[] a woman's respect and value." Additionally, Councilor Martinez stated to his constituent, "[w]e endorse a program from the White House called 'It's on us', to prevent women from assaults...this kind of ordinance is counterproductive to the very cause." Finally, in the same email, Councilor Martinez stated, "[w]e have nothing to gain by passing such a law other than a poor reputation."

34. Mayor, Wade Troxell, echoed the concerns of Councilor Martinez in email exchanges with a citizen of Fort Collins. In the email, the citizen wrote, regarding the proposed allowance of women to appear topless at public places in Fort Collins, "[w]hy would any citizen

8

here **with any kind of morals** want that or want to allow that? This would take the morality of our city down the tubes." In reply, Councilor Troxell stated, "I agree with your sentiments and concerns. I support the update revision of our current version of the ordinance."

35.     When electing to continue its criminalization of women who appear topless at public places in Fort Collins, Defendant noted some public comments elicited the theme that "allowing female toplessness threatens the family friendly status of Fort Collins."

36.     The reasons advanced by the city council demonstrate that the ordinance targets Plaintiffs' expressive activity.

37.     The reasons advanced by the city council demonstrate that the ordinance's purpose is to perpetuate stereotypes about girls and women and is a response to the council's apparent view that the breasts of women are primarily objects of sexual desire.

38.     Defendant ratified Ordinance No. 134 and implemented the revised version of Section 17-142 following its November 3, 2015, city council meeting, continuing the criminalization of women who appear at public places with their breasts and nipples exposed.

39.     Plaintiffs plan to participate in completely topless protest to advocate for gender equality by challenging the double standards, hypocrisies, and sexualization of women that supports laws and policies that treat women as inferior to men. Because their expressive activity has been made a criminal act, they must choose between risking arrest and imprisonment or self-censoring their expressive activity. Imposing such self-censorship is the intent of the ordinance.

40.     Pursuant to Section 1-15 of the Code of Ordinances, each violation of the challenged ordinance, Section 17-142, "shall be punished by... a fine not exceeding two thousand six hundred fifty dollars ($2,650.00) or by imprisonment not exceeding one hundred eighty (180) days, or by both such fine and imprisonment, in addition to any costs which may be assessed."

41. Section 17-142, in its current form, is one of the most restrictive public nudity ordinances in the nation. If a woman were to wear a plunging neckline dress, thereby exposing either side of her breast; a microkini, thereby exposing the bottom portion of her breast; or pasties, thereby covering only her nipple and exposing the rest of her breast, that woman would be in violation of Section 17-142 and subject to criminal punishment.

42. At all times relevant to this Complaint, Defendant acts under color of law.

## CLAIM I: FIRST AMENDMENT

43. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

44. Section 17-142 violates the Free Speech Clause of the First Amendment to the Constitution, on its face and as applied, because it impermissibly curtails Plaintiffs' free-speech rights.

45. Plaintiffs' expressive conduct of exposing the female breast below a point immediately above the top of the areola and nipple is intended to convey a particularized message that is likely to be understood by those who view it.

46. Section 17-142 is not narrowly tailored to serve a compelling government interest.

47. Section 17-142 does not further a substantial government interest.

48. Section 17-142's restriction on expressive conduct is greater than necessary to further any government interest.

## CLAIM II: EQUAL PROTECTION

49. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

50. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

51. Section 17-142 treats women and girls differently than men and boys by criminalizing identical conduct—exposing one's breast below a point immediately above the top of the areola and nipple—if it is engaged in by a woman or girl while at the same time leaving the same conduct by a man or boy unregulated and without sanction.

52. Section 17-142's different treatment of women and girls, on the one hand, and men and boys, on the other hand, is intended to perpetuate traditional gender roles.

53. There is no persuasive justification for treating exposure of one's breast below a point immediately above the top of the areola and nipple differently based on the sex of the individual.

## CLAIM III: EQUALITY OF SEXES

54. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

55. The Equal Rights Amendment to the Colorado Constitution provides that "[e]quality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex." Colo. Const. Art. II, Section 29.

56. Section 17-142 treats women and girls differently than men and boys by criminalizing identical conduct—exposing one's breast below a point immediately above the top of the areola and nipple—if it is engaged in by a woman or girl while at the same time leaving the same conduct by a man or boy unregulated and without sanction.

57. Section 17-142's different treatment of women and girls, on the one hand, and men and boys, on the other hand, is intended to perpetuate traditional gender roles.

58. There is no persuasive justification for treating exposure of one's breast below a point immediately above the top of the areola and nipple differently based on the sex of the individual.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court:

   a. Upon motion, grant a preliminary injunction preventing the enforcement of the Ordinance;

   b. Grant a permanent injunction preventing the enforcement of the Ordinance;

   c. Enter a declaration that the Ordinance is unconstitutional on its face and as applied to Plaintiffs;

   d. Award costs and attorneys' fees pursuant to 42 U.S.C. Sect. 1988; and

   e. Allow such other and further relief as this Court finds just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 31st day of May, 2016.

               Respectfully submitted,

               KILLMER, LANE & NEWMAN, LLP

               *s/ David A. Lane*
               _____
               David A. Lane
               Andy McNulty
               1543 Champa Street, Suite 400
               Denver, CO 80202
               (303) 571-1000
               dlane@kln-law.com
               amcnulty@kln-law.com
               **Attorneys for Plaintiffs**