October 20, 2015

## COUNCIL OF THE CITY OF FORT COLLINS, COLORADO

### Council-Manager Form of Government

### Regular Meeting – 6:00 PM

- **ROLL CALL**

    PRESENT:   Martinez, Stephens, Overbeck, Campana, Troxell, Cunniff, Horak

    Staff Present:  Darin Atteberry, Carrie Daggett, Wanda Winkelmann

- **AGENDA REVIEW: CITY MANAGER**

City Manager Atteberry noted Consent Agenda Item No. 12, *Public Hearing and First Reading of Ordinance No. 133, 2015, Amending the Zoning Map of the City of Fort Collins by Changing the Zoning Classification for that Certain Property Known as the Houska Automotive Rezoning*, is a public hearing.

- **CITIZEN PARTICIPATION**

Mary Kopco, Fort Collins Symphony Executive Director, thanked Council for funding Master Works and Outside the Box programs.

Heidi Mausbach, Fort Collins Symphony, performed a cello solo.

Elaine Burritt discussed the proposed amendment to the IGA for the I-25/Highway 392 interchange and opposed the inclusion of car dealerships at that location.

Jack Daniels thanked Council for making Fort Collins a wonderful place to live.

Donald Burritt opposed the inclusion of car dealerships at the I-25/Highway 392 interchange.

Eric Tamme discussed the negative impacts of non-owner occupied, short-term vacation rentals on neighborhoods.

Jana Anderson opposed the inclusion of car dealerships at the I-25/Highway 392 interchange.

Lynn Thompson, Fort Collins Homeless Coalition, thanked Beth Sowder for her recent memo on the topic of homelessness in our community and opposed the criminalization of homelessness.

Mary Kay Morrison opposed the inclusion of car dealerships at the I-25/Highway 392 interchange.

Cheryl Distaso, Fort Collins Community Action Network, discussed a meeting the Homeless Coalition had with shelter providers in Fort Collins. She expressed concern regarding the lack of shelter space for the winter and opposed the criminalization of homelessness.

Lynn Barker expressed concern regarding the lack of shelter space for the upcoming winter.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

- **CITIZEN PARTICIPATION FOLLOW-UP**

Councilmember Overbeck requested follow-up regarding the overflow shelters in the city. Beth Sowder, Social Sustainability Director, replied the overflow shelter plan has reflected the work of non-profit shelter providers and stated additional women's bed and family options will be provided at Catholic Charities, men's beds at the Mission, and hotel vouchers for families.

Mayor Pro Tem Horak asked about the real-time need plan. Sowder replied the shelters have a goal to turn no one away and work together as much as possible to make that happen.

Mayor Pro Tem Horak asked how the City is working with the shelters during those times. Sowder replied her staff received daily updates of availability and noted shelters do allow Police Services to bring people in throughout the night, if needed.

Councilmember Cunniff discussed the importance of keeping camping out of the Natural Areas and supported the additional options. He requested information regarding the I-25/Highway 392 interchange. City Manager Atteberry replied Council directed staff to work on a joint meeting with the Town of Windsor, which has been scheduled for November 2. The meeting will involve a conversation between the Windsor town Board and Council; however no decisions will be made at that meeting. Atteberry noted subsequent action would be needed to modify the IGA. Additionally, Atteberry stated Council does not have decision making authority around the land use component, just the master plan and mutual agreement with Windsor on the allowed uses.

Mayor Pro Tem Horak encouraged the use of a joint public engagement process, should potential changes come forward.

Councilmember Overbeck noted Council will be addressing the short-term rental issue next week and thanked the Fort Collins Symphony for its performance.

- **CONSENT CALENDAR**

Mayor Troxell opened the public hearing for Item No. 12, *Public Hearing and First Reading of Ordinance No. 133, 2015, Amending the Zoning Map of the City of Fort Collins by Changing the Zoning Classification for that Certain Property Known as the Houska Automotive Rezoning.*

Mayor Pro Tem Horak made a motion, seconded by Councilmember Cunniff, to adopt and approve all items on the Consent Agenda.

| RESULT: | CONSENT CALENDAR ADOPTED [UNANIMOUS] |
|---|---|
| MOVER: | Gerry Horak, District 6 |
| SECONDER: | Ross Cunniff, District 5 |
| AYES: | Martinez, Stephens, Overbeck, Campana, Troxell, Cunniff, Horak |

Mayor Troxell closed the public hearing for Item No. 12, *Public Hearing and First Reading of Ordinance No. 133, 2015, Amending the Zoning Map of the City of Fort Collins by Changing the Zoning Classification for that Certain Property Known as the Houska Automotive Rezoning.*

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

1. **Consideration and Approval of the Minutes of the September 29, 2015 Special Council Meeting and the October 6, 2015 Regular Council Meeting. (Adopted)**

   The purpose of this item is to approve the minutes from the September 29, 2015 Special Council meeting and the October 6, 2015 Regular Council meeting.

2. **Second Reading of Ordinance No. 113, 2015, Appropriating Prior Year Reserves in the General Fund to Reimburse Woodward, Inc. For Development Fees and Capital Improvement Expansion Fees. (Adopted)**

   This Ordinance, unanimously adopted on First Reading on October 6, 2015, appropriates $180,994 of prior year reserves from the General Fund for a rebate to Woodward for fees under an agreement that City Council approved on April 2, 2013 (Ordinance No. 055, 2013). The agreement provides business investment assistance for the relocation of Woodward's headquarters, as well as an expansion of its manufacturing and office facilities to a new location at the corner of Lincoln Avenue and Lemay Avenue. The project will retain or create between 1,400 and 1,700 primary jobs in the City. Changes have been made to this Ordinance to edit language amended on First Reading reflecting that all of the prior year reserves to be appropriated will be from the General Fund and not from affected capital improvement expansion fee funds.

3. **Second Reading of Ordinance No. 123, 2015, Appropriating Prior Year Reserves and Unanticipated Revenue in Various City Funds and Authorizing the Transfer of Appropriated Amounts between Funds or Projects. (Adopted)**

   This Ordinance, unanimously adopted on First Reading on October 6, 2015, combines dedicated and unanticipated revenues or reserves that need to be appropriated before the end of the year to cover the related expenses that were not anticipated and, therefore, not included in the 2015 annual budget appropriation. The unanticipated revenue is primarily from fees, charges, rents, contributions and grants that have been paid to City departments to offset specific expenses.

4. **Second Reading of Ordinance No. 124, 2015, Appropriating Prior Year Reserves in the Street Oversizing Fund for Transfer to the Capital Project Fund for the Lemay and Vine Intersection Project. (Adopted)**

   This Ordinance, unanimously adopted on First Reading on October 6, 2015, appropriates $244,723 of prior year reserves from the Street Oversizing Fund and authorizes the transfer of appropriations from the Street Oversizing Fund into the Capital Project Fund for the Lemay and Vine Intersection Project. The Engineering Department is currently working on the conceptual design and alternatives analysis for realigned Lemay Avenue and Suniga Drive, northeast of the existing Lemay and Vine intersection. The City has an opportunity to purchase road right-of-way and utility easements for realigned Lemay Avenue and Suniga Drive within the Kederike parcel. The purchase of the road right-of-way and easements has been portioned out between an Engineering Capital obligation and a Street Oversizing obligation.

5. **Second Reading of Ordinance No. 126, 2015, Appropriating Unanticipated Grant Revenue into the Storm Drainage Fund for the Flood Warning System Enhancements Project. (Adopted)**

   This Ordinance, unanimously adopted on First Reading on October 6, 2015, appropriates $125,037 in grant revenues from the State of Colorado Department of Homeland Security - Office of Emergency Management. The project consists of Stormwater Flood Warning System capital outlays that include purchase of new data management software, new communications hardware, and installation of three new gauges.

6. **Second Reading of Ordinance No. 127, 2015 Authorizing a Lease of City-Owned Property at City Park North Ball Field to Verizon Wireless (VAW) LLC for the Installation of Antennas and Related Facilities, and Associated Access and Utility Easements. (Adopted)**

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

This Ordinance, unanimously adopted on First Reading on October 6, 2015, adds an antenna array to an existing City-owned light pole, located at City Park north ball field, 137 South Bryan Avenue, and authorizes the lease of 375 square feet of ground space to Verizon Wireless. The array will be located approximately 65 feet above the ground and accompany two other arrays currently on the pole. Additional ground space for related communication equipment cabinets will be installed adjacent to the current carriers' equipment.

7. **First Reading of Ordinance No. 128, 2015, Being the Annual Appropriation Ordinance for the Fort Collins Downtown Development Authority Relating to the Annual Appropriations for the Fiscal Year 2016 and Fixing Mill Levy for the Downtown Development Authority for Fiscal Year 2016. (Adopted)**

   The purpose of this item is to set the Downtown Development Authority ("DDA") Budget.

   The following amounts will be appropriated:

   | | |
   |---|---|
   | DDA Public/Private Investments & Programs | $ 725,394 |
   | DDA Operations & Maintenance | $ 791,717 |
   | Revolving Line of Credit Draws | $ 2,100,000 |
   | DDA Debt Service Fund | $ 4,521,012 |

   The Ordinance sets the 2016 Mill Levy for the Fort Collins DDA at five (5) mills, unchanged since tax year 2002. The approved Budget becomes the Downtown Development Authority's financial plan for 2016.

8. **First Reading of Ordinance No. 129, 2015, Appropriating Prior Year Reserves in the Downtown Development Authority Fund for Expenditure on Projects and Programs in Fiscal Year 2015 in Accordance with the Downtown Plan of Development. (Adopted)**

   The purpose of this item is to appropriate unanticipated revenue from interest earnings in the amount of $13,508 and from project savings in the amount of $63,836 for a total appropriation of $77,344. The Downtown Development Authority ("DDA") Board has authorized the expenditure of these funds for various DDA projects and programs in fiscal year 2015.

9. **First Reading of Ordinance No. 130, 2015, Appropriating Prior Year Reserves in the Transit Services Fund and Prior Year Reserves in the Transportation Fund and Authorizing the Transfer of Appropriations into the Capital Projects Fund and Appropriating Therein for the Mason Corridor Project for the Purchase of Two Rapid Transit Buses. (Adopted)**

   The purpose of this item is to request appropriations and transfers in the amount of $1,473,887 to help pay for two recently-delivered Bus Rapid Transit (BRT) 60-foot Compressed Natural Gas (CNG) buses for MAX. The total cost for the two buses is $1,734,598 and the balance will be paid from an existing Capital Projects Fund appropriation of $260,711. The requested funding sources and amounts are as follows: Transportation Fund Reserves in the amount of $741,288; and Transit Fund Reserves in the amount of $732,599. The appropriated amounts would then be transferred to the Capital Projects Fund.

10. **First Reading of Ordinance No. 131, 2015, Amending Section 25-75(a) of the Code of the City of Fort Collins to Extend the Expiration Date of the City's 0.25% Street Maintenance Sales and Use Tax as Approved by the Voters at the City's April 7, 2015, Regular Election and to Correct an Error in the Expiration Date of the City's 0.85% Sales and Use Tax Increase Approved by the Voters at the City's November 2, 2010, Special Election. (Adopted)**

    The purpose of this item is to amend Section 25-75(a) of the City Code to reflect the appropriate tax expirations dates as approved by the electors. The expiration date of the street maintenance tax needs to reflect the extension to December 31, 2025. The expiration date for the Keep Fort Collins Great (KFCG) tax increase of .85% needs to be corrected to December 30, 2020.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

11. **First Reading of Ordinance No. 132, 2015, Amending Section 25-65 of the Code of the City of Fort Collins to Change the Application Filing Deadline for the City's Manufacturing Equipment Use Tax Rebate Program. (Adopted)**

    The purpose of this item is to amend City Code Section 25-65 to change the deadline for filing with the City an application for the manufacturing equipment use tax rebate (MUTR) from December 31st to June 30th.

12. **Public Hearing and First Reading of Ordinance No. 133, 2015, Amending the Zoning Map of the City of Fort Collins by Changing the Zoning Classification for that Certain Property Known as the Houska Automotive Rezoning. (Adopted)**

    The purpose of this item is to rezone one parcel of land, 1005 Riverside Drive, near the southwest corner of the Riverside Drive and Lemay Avenue intersection. Existing zoning is N-C, Neighborhood Commercial District. Proposed zoning is C-L, Limited Commercial District. The parcel is 2.5 acres in size and is currently vacant.

13. **Resolution 2015-089 Supporting the Colorado Department of Transportation's Northern Colorado Connectivity Project and Recommending it be Submitted for Federal Grant Funding Consideration. (Adopted)**

    The purpose of this item is to consider a Resolution and letter in support for a Colorado Department of Transportation (CDOT) grant application for federal resiliency funds (Northern Colorado Connectivity Project) to be used to improve I-25 infrastructure. These funds will help make improvements needed to maintain critical I-25 connectivity to Northern Colorado in times of emergency, weather event, disaster, or crisis.

14. **Resolution 2015-090 Setting for December 1, 2015, a Noticed Public Hearing for the City Council's Consideration of a Resolution to Substantially Modify the Midtown Urban Renewal Plan. (Adopted)**

    The purpose of this item is for City Council to consider the adoption of a resolution setting a public hearing date for December 1, 2015 to consider two modifications of the Midtown Urban Renewal Plan (the "Midtown Plan"). One modification would reduce the Midtown Plan area by removing territory that is currently not in either of the two approved tax increment financing (TIF) districts within the Midtown Plan (Prospect South and Foothills Mall). The other modification would amend wording in the Midtown Plan to clarify that the Plan identifies and describes only one urban renewal project.

    Adoption of the Resolution only sets the public hearing date for December 1, 2015, for Council's consideration of these modifications and does not take any action on either of the two modifications.

15. **Resolution 2015-091 Adopting Amended Rules of Procedure Governing the Conduct of City Council Meetings and Council Work Sessions. (Adopted)**

    The purpose of this item is to amend the rules of procedure for City Council meetings for review of Additional Permitted Uses and Rezonings of 640 acres or less. The amended rules also provide for the order of items for special Council meetings.

- **END CONSENT**

- **CONSENT CALENDAR FOLLOW-UP**

Councilmember Cunniff supported future discussion with the Council Finance Committee regarding best practices and techniques for dealing with the loss of federal grant funding, in reference to Item No. 9, *First Reading of Ordinance No. 130, 2015, Appropriating Prior Year*

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

*Reserves in the Transit Services Fund and Prior Year Reserves in the Transportation Fund and Authorizing the Transfer of Appropriations into the Capital Projects Fund and Appropriating Therein for the Mason Corridor Project for the Purchase of Two Rapid Transit Buses.*

- **COUNCILMEMBER REPORTS**

Councilmember Martinez reported on the memo from Dan Weinheimer, Policy and Project Manager, regarding last week's CML meeting.

Councilmember Overbeck reported on the Bridging the Gap meeting and a documentary called *Alive Inside*.

Councilmember Cunniff reported on the Larimer County Solid Waste Forum.

Councilmember Stephens reported on the screening of *Fort Collins: The Choice City for Whom?*, a documentary about racism and discrimination in the community.

Councilmember Overbeck reported on the documentary screening and stated the community needs to reinforce its commitment to cultural diversity.

Councilmember Martinez requested information regarding what the City has done previously regarding cultural relationships.

Mayor Troxell reported on the third meeting of the Northern Colorado Airport Commission and an event hosted by Senator Bennett regarding railroads.

Mayor Pro Tem Horak reported on a neighborhood meeting held by CSU regarding its new facilities, including the stadium. He suggested Council receive the materials from this and subsequent meetings.

- **DISCUSSION ITEMS**

16. **Second Reading of Ordinance No. 125, 2015, Appropriating Prior Year Reserves in the Capital Project Fund for the Building on Basics Intersection Improvements and the Street Oversizing Fund into the Capital Projects Fund for the Timberline Road–Drake Road to Prospect Road Improvement Project, and the Cultural Services and Facilities Fund for the Art in Public Places Program. (Adopted as Amended on Second Reading)**

    *This Ordinance, unanimously adopted on First Reading on October 6, 2015 (Campana recused) appropriates $1,300,000 of prior year reserves from the Building on Basics Fund and appropriates $200,000 of prior year reserves from the Street Oversizing Fund into the Capital Project Fund for the "Timberline Road-Drake Road to Prospect Road" Improvement Project. The initial budget for this project was established in 2013. Between conceptual planning in early 2013 and final design in late 2015, construction prices have risen between 30% and 50%. This appropriation allows staff to finalize the design and construction of safety, multi-modal, operational, and landscape improvements. The project will be constructed in 2016.*

    Councilmember Campana withdrew from the discussion of this item due to a conflict of interest.

    Mayor Pro Tem Horak made a motion, seconded by Councilmember Cunniff, to adopt Ordinance No. 125, 2015, on Second Reading.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

October 20, 2015

| RESULT: | ORDINANCE NO. 125, 2015, ADOPTED ON SECOND READING [6 TO 0] |
|---|---|
| MOVER: | Gerry Horak, District 6 |
| SECONDER: | Ross Cunniff, District 5 |
| AYES: | Martinez, Stephens, Overbeck, Troxell, Cunniff, Horak |
| RECUSED: | Campana |

17. **Resolution 2015-088 Stating the Intent of the City of Fort Collins to Annex Certain Property and Initiating Enclave Annexation Proceedings for Such Property to be Known as the Wood Street Second Annexation.** (Adopted)

*The purpose of this item is to initiate the annexation process for the Wood Street Second Annexation. This is a City-initiated request to annex a 16.267 acre parcel at 832 Wood Street, owned by Jeffrey Lebesch, into the City of Fort Collins. The parcel became an enclave with the annexation of the Pateros Creek subdivision on September 18, 2012. As of September 18, 2015, the City is authorized to initiate and annex the enclave in accordance with State Statute 31-12-106.*

Councilmember Campana withdrew from the discussion of this item due to a conflict of interest.

Clay Frickey, Associate Planner, noted this is an enclave annexation which is required per state statute and the IGA with Larimer County. He stated the property will be zoned Urban Estate.

Mayor Pro Tem Horak made a motion, seconded by Councilmember Overbeck, to adopt Resolution 2015-088.

Councilmember Martinez asked about the use of cool air from the lake bottom for climate control at the utility building. Kevin Gertig, Utility Services Executive Director, replied this project will involve using plates submerged in the pond on the annexed site for water circulation and climate control at the 700 Wood Street Utilities building.

| RESULT: | RESOLUTION 2015-088 ADOPTED [6 TO 0] |
|---|---|
| MOVER: | Gerry Horak, District 6 |
| SECONDER: | Bob Overbeck, District 1 |
| AYES: | Martinez, Stephens, Overbeck, Troxell, Cunniff, Horak |
| RECUSED: | Campana |

18. **First Reading of Ordinance No. 134, 2015, Making Certain Amendments to Section 17-142 of the Code of the City of Fort Collins Related to Public Nudity. (Option 1 or Option 2)** (Adopted as Amended on First Reading)

*The purpose of this item is to bring forth two potential options to the current City Code provisions concerning public nudity for consideration in light of recent citizen concerns regarding the prohibition on female toplessness in Fort Collins. Both options would update the section of the Code to read as "Public Nudity" rather than "Public Indecency." Both options also include exceptions to the provisions for young children, changing areas, medical situations, and performance venues.*

*__Option 1__ would keep the provision in the Code that does not allow for female toplessness, while adding exceptions, including an exception for breastfeeding mothers.*

*__Option 2__ would update the Code provisions by allowing female toplessness within the City and specifically prohibiting all nudity below the waist for both sexes, with certain limited exceptions.*

Tyler Marr, Graduate Management Assistant, stated this issue has come forward as the result of citizens expressing concern regarding the gender inequality of the City's existing public

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

indecency ordinance. He detailed the two options brought forth by staff; the first is referenced as the "enhanced status quo," which does not allow women to be topless with the exception of breast feeding mothers. The second option would be a change in policy which would allow women to be topless in the City.

Marr discussed the public input process and noted the Women's Commission and Human Relations Commission both expressed support for the second option to change the policy. Marr presented the results from an on-line survey which showed 60% of participants supporting option one and 40% supporting option two. In terms of common themes of public comments, four main categories emerged: concerns regarding family values and modesty, the possibility of a third option which would require men to wear shirts in public, concerns regarding discrimination, and concerns regarding looking at this issue at all.

Marr stated both of the options presented make exceptions for young children, performance venues, changing areas, and those undergoing medical emergencies. Additionally, both options would change the phrase "public indecency" to "public nudity."

Katie Peters spoke about the value of the empowerment of women and stated changing this policy highlights sameness rather than promoting equality. She opposed changes to the existing Ordinance.

Bryan Prouty opposed changes to the existing Ordinance stating allowing women to go topless would degrade the atmosphere in Fort Collins.

Ray Stockton opposed changes to the existing Ordinance.

Pam Prouty opposed changes to the existing Ordinance stating it will negatively affect downtown businesses.

Traver Shaw discussed the scientific reasons for women's breasts and stated male and female chests are different. He stated allowing women to go topless would put women at risk for assault or unwanted sexual advances.

Barb Myers opposed changing the existing Ordinance stating nudity will not support the fabric of the community and will not support those who choose to instill the value of modesty to their families.

Kristin Semmens questioned the demographic of the 40% of the on-line survey respondents who supported allowing women to go topless and questioned whether or not those opinions would change should those individuals have children.

Roy Bearden discussed distracted driving and opposed changing the existing Ordinance.

Chet Daniel spoke about the threat of sexual temptations to faithfulness.

Roberta Croft stated equality is not sameness and opposed changing the Ordinance as allowing women to go topless would impede on her ability to enjoy the community.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

Lori Merkley opposed changes to the Ordinance and spoke of the importance of valuing human beings based on who they are rather than what they wear or do not wear.

David Harris stated America is a place of freedom but questioned what happens when freedoms limit or impede other freedoms.

Brad Gilliland stated these changes would be detrimental to the City's growth and health and to the safety of women. Additionally, he expressed concern regarding additional short and long-term issues.

Matt Simpson opposed Option Two, citing concerns regarding women's safety and children's exposure.

Mitch Majeski stated this issue deals with the balancing of values and suggested there may be another way to accomplish increasing the value of women. He supported Option One.

Aaron Hoaglund stated Colorado and other neighboring municipalities do not criminalize toplessness. Additionally, he spoke of the importance of protecting the minority from the oppressive will of the majority. He expressed concern regarding non-detailed definitions in Option One.

Ken Burns opposed changes to the existing Ordinance citing the importance of the legacy being left for the future.

Samantha Six discussed the importance of equality and stated the existing policy sexualizes women without their consent.

Janice Burns opposed changes to the existing Ordinance and discussed the effect of changes on sex offenders.

Rosie Nazeck spoke of the importance of the "swim suit" talk with small children and opposed changes to the existing Ordinance.

Lynn (no last name given) stated she would not bring her grandchildren into the downtown area if the proposed Option Two passes.

Jacob Nazeck opposed changes to the existing Ordinance noting there are differences between men and women in all areas.

Chuck Patchin stated this is not a debate about equality and argued passing Option Two would make women less safe.

Rachel Dozier stated she is not unequal because she keeps her breasts covered and opposed adoption of Option Two.

Tom Selkin opposed changes to the existing Ordinance stating there are differences between males and females.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

Fred Wagner opposed changes to the existing Ordinance stating it would lead to disrespect for women.

Pat Dubai noted the number of citizens who have taken time from their day to discuss this issue and opposed changes to the existing Ordinance in order to protect children.

Jason LeVasseur stated equality does not mean sameness and opposed adoption of Option Two.

Deborah (no last name given) opposed adoption of Option Two stating it would not empower women.

Tom Russell suggested there are many citizens with no knowledge of this potential change and opposed Option Two, expressing concern about increased crime.

Robyn Hoxie opposed Option Two stating allowing toplessness will not affect equality.

Leif Youngs supported Option Two stating women may not necessarily opt to go topless, but giving them the ability to do so would give women equal power and equal rights.

Dan Houser opposed Option Two stating the agenda of a minority should not dictate how the majority lives.

Luke Kovias opposed changes to the existing Ordinance stating it would not be in the best interest of the community.

Erin Kisling opposed Option Two stating it would not promote equality.

Jamie Amundgaard opposed Option Two stating its adoption would change where and how shopping is done in the community and would negatively impact youth in the community.

Tom Elliott questioned if this is what Fort Collins wants to be known for and stated there is a clear connection between human trafficking and pornography.

Brittany Hoaglund supported adoption of Option Two and stated allowing this choice and right to women will not harm anyone.

Patrick Hall stated the male upper body was once just as criminalized as the female upper body is today. He supported the adoption of Option Two in order to provide equality in terms of choice.

Scott Smith opposed changing the existing Ordinance stating adoption of either option would not fit into Fort Collins' community values.

Cole Straylo opposed adoption of Option Two.

Lisa Smith expressed concern that adoption of Option Two would set a precedent for the future.

Scottie Hollingsworth stated adoption of Option Two would lead to objectification of women.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

Anders Crane stated this is a difficult subject but argued equality is equality and supported adoption of Option Two.

Monte Knoble asked about the highlighted text in the proposed Ordinance and opposed adoption of either option. Additionally, he requested clarification on the definitions of nudity and decency.

Eric Messerle opposed adoption of Option Two stating it would not help in respect for women.

Christine Hays questioned what exceptions would be included and noted exposure of cleavage or any part of the breast is currently illegal under the existing Ordinance.

Jimmy Trapp commented on the culturally-constructed idea that female breasts are indecent and stated adoption of Option Two would be a good step toward ensuring the female breast does not have to be sexualized.

Susan (no last name given) opposed the analysis of the on-line survey which removed surveys from the same IP address. She opposed adoption of Option Two.

(Secretary's Note: Council took a brief recess at this point in the meeting.)

Mayor Pro Tem Horak requested information as to the meaning of the yellow highlighted sections on the two options. City Attorney Daggett replied there are both strike-outs of existing Code language and new proposed language, highlighted in yellow, in both options.

Mayor Pro Tem Horak asked why staff has suggested replacing the word "indecency" with "nudity." City Attorney Daggett replied that change was recommended because of a state law relating to public indecency which addresses a much broader group of offenses.

Mayor Pro Tem Horak asked about the inclusion of a reference to performance venues. City Attorney Daggett replied performance venues are described to mean theater, concert hall, museum, school or similar establishment serving as a performance venue.

Mayor Pro Tem Horak asked about the exceptions included in option one. City Attorney Daggett replied breast feeding was added due to the state law which identifies breast feeding as a protected activity. Additionally, she noted each of the exceptions have been seen in other jurisdictions and for activities which the City is not intending to make illegal; for example, the need for medical care, children under the age of 10, and locker rooms.

Councilmember Campana commended Marr on his presentation and requested additional information regarding what parts of the breast need to be exposed in order for a Code violation to be considered. City Attorney Daggett replied the specific definition of what parts of the breast need to be exposed in order to violate the Code was not particularly considered. She noted language could be added to make a more explicit definition. Additionally, she discussed the state law, which calls for an intent and requires that the exposure be with the intent to arouse or satisfy the sexual desire of any person, and behavior that violates that state law is still illegal under state law whether or not it's a violation of the City Code.

---

*City of Fort Collins*           Page 257

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

Councilmember Stephens asked about the penalty for a woman going topless under the current Code. City Attorney Daggett replied a range of penalties exist in municipal court and a first offense calls for a $250 fine.

Councilmember Martinez asked if the Human Relations Commission or Women's Commission involved public outreach in its decision. Marr replied it is not his understanding that occurred and stated the Women's Commission weighed in via email while the Human Relations Commission voted on the issue at its last meeting.

Councilmember Martinez asked if citizens must be a certain age to buy magazines showing nudity. Bronwyn Scurlock, Assistant City Attorney, replied there is a state law which prohibits the sale of pornography or obscenity to minors.

Councilmember Martinez asked why minors should be exposed to live nudity when they are not allowed to be exposed to print nudity.

Councilmember Campana made a motion, seconded by Councilmember Martinez, to adopt Ordinance No. 134, 2015, Option One, with the definition of a breast similar to that of Loveland, be included.

Councilmember Campana thanked the citizens who spoke and encouraged continuation of the dialogue.

Councilmember Stephens thanked the citizens who spoke and stated it is important to talk about these issues because differing opinions do exist. Additionally, she noted the importance of validating the fact that some citizens find this law discriminatory. She encouraged those citizens to continue to work with additional equal rights issues.

Mayor Troxell credited Council for listening to citizens and therefore bringing this topic forward. He supported gender equity but stated it is not the same as gender neutrality. Additionally, he cited the importance of the many comments of the women of the community in opposition to option two.

Councilmember Martinez cited the importance of the rights of all citizens.

Mayor Pro Tem Horak commended Ms. Hoaglund for bringing the issue forward resulting in an examination of the need for changes to the existing Code.

Councilmember Cunniff stated he would support the motion.

City Attorney Daggett reviewed the language changes requested by Councilmember Campana.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

| RESULT: | ORDINANCE NO. 134, 2015, ADOPTED AS AMENDED ON FIRST READING [UNANIMOUS] |
|---|---|
| MOVER: | Gerry Horak, District 6 |
| SECONDER: | Ray Martinez, District 2 |
| AYES: | Martinez, Stephens, Overbeck, Campana, Troxell, Cunniff, Horak |

19. **Resolution 2015-092 Appointing Three Councilmembers to Serve on an Ad Hoc Council Committee to Study and Consider Election Code Changes. (Adopted)**

   *The purpose of this item is to appoint three City Councilmembers to the ad hoc Election Code Changes Council Committee.*

City Clerk Winkelmann stated staff has recommended election Code changes due to a new House Bill relating to uniform and overseas voters and because of the "plan, go, check, act" process following the April municipal election.

Eric Sutherland stated Fort Collins needs to determine what laws it is using to manage elections and stated if the City was truly using the Uniform Election Code, it would have been required to verify signatures against the Secretary of State's records.

Mayor Pro Tem Horak made a motion, seconded by Councilmember Campana, to adopt Resolution 2015-092, inserting the names of Councilmembers Cunniff, Stephens and Overbeck.

| RESULT: | RESOLUTION 2015-092 ADOPTED [UNANIMOUS] |
|---|---|
| MOVER: | Gerry Horak, District 6 |
| SECONDER: | Gino Campana, District 3 |
| AYES: | Martinez, Stephens, Overbeck, Campana, Troxell, Cunniff, Horak |

- **OTHER BUSINESS**

Councilmember Campana stated several municipalities are adopting ordinances dealing with construction defects. He requested, and received, support for directing staff to work on a similar ordinance.

City Attorney Daggett requested information regarding how Council would like the issue to be presented. Councilmember Campana replied he would like to see a matrix of the options in other municipalities. Councilmember Cunniff requested comparative data on options. Mayor Troxell noted the Colorado Municipal League could be a good resource for information.

Mayor Pro Tem Horak noted Council's read-before packet had information regarding the upcoming regional meeting with Larimer County about changes in the mill levy in order to provide funds for the I-25 project as well as a major road project in Fort Collins. City Manager Atteberry noted staff is supportive of this proposal and plans to bring the plan before the Finance Committee in November.

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA

*October 20, 2015*

- **ADJOURNMENT**

The meeting adjourned at 9:15 PM.

_____
Mayor

[SEAL: CITY OF FORT COLLINS · COLORADO]

City Clerk

This unofficial copy was downloaded on Mar-11-2016 from the City of Fort Collins Public Records Website: http://citydocs.fcgov.com
For additional information or an official copy, please contact City Clerk's Office City Hall West 300 LaPorte Avenue Fort Collins, CO 80521 USA